UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL PAUL BARTLETT, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APRIL GRINDSTAFF, )<br>)<br>Defendant. ) | NO. 2:13-CV-168<br>*Greer/Inman* |

## **MEMORANDUM and ORDER**

This *pro se* prisoner's civil right complaint, filed under 42 U.S.C. § 1983, is before the Court upon plaintiff's partial response to a deficiency order entered in this case. In that order, the Court notified plaintiff that his complaint was unsigned and directed the Clerk to make a copy of the last page of the complaint and return the original to plaintiff. Plaintiff was also required to submit the full filing fee or a certified copy of his prison trust account statement to support his application to proceed *in forma pauperis*. The deficiency order also contained this warning:

> Unless, within thirty (30) days of the date of entry of this Order, plaintiff signs and returns the last page of his complaint *and* pays the entire filing fee *or* submits a copy of his inmate trust account statement, the Court will assume that he is not a pauper, assess the entire filing fee, and dismiss this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. Should this action be dismissed, it will not be reinstated, even if plaintiff later pays the fee or requests pauper status.

(Doc. 3, Deficiency Order). Plaintiff explicitly was required to respond to both the filing fee and the signature issues.

In his response to the deficiency order, plaintiff states that he has requested a certified copy of his inmate trust fund account to no avail and asks that the Court issue an order directing the Carter County Detention Center to comply with his request. However, plaintiff did not sign and return the

last page of his complain, as directed in the deficiency order. Thus, it remains that plaintiff's pleading violates Rule 11 of the Federal Rules of Civil Procedure, which requires each pleading filed in the Court to contain an original signature.

Accordingly, plaintiff is **ASSESSED** the full civil filing fee of $350. By separate order, this action will be **DISMISSED** for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE